## Case No. 14,852.

### UNITED STATES v. COOK et al.

[1 Spr. 213.] [1]

District Court, D. Massachusetts. Oct., 1853.

CUSTOMS DUTIES—WRECKED GOODS—FORFEITURE—SEIZURE—INDICTMENT FOR RESISTING CUSTOMS OFFICERS.

1. If dutiable goods are wrecked, and strewn upon the shore, by force of the winds and waves, they are liable to duties only upon their value, as they lie upon the shore.

2. If worthless in that condition, they are subject to no duty.

3. To justify an officer in making a seizure of goods as forfeited, there must be reasonable ground to believe that some offence has been committed.

4. To subject a person to an indictment, under the statute of 1799, c. 22, § 71 [1 Stat. 678], for carrying away goods, alleged to be under seizure, a seizure must have been lawfully made, and possession taken and continued by the officer; and the accused must have carried the goods away forcibly, knowing them to be under seizure.

This was an indictment, containing four counts, founded on United States statute, March 2d, 1799, c. 22, § 71 (1 Stat. 678). The defendants were charged with "forcibly resisting, preventing, and impeding," custom-house officers and their assistants, in the execution of their duty. The different counts alleged, that Edwin Young, deputy-collector of Scituate, Tilden Hall, deputy-collector of Marshfield, and one William Young, their assistant, were resisted, prevented, and impeded, in the execution of their duty. It appeared from the evidence, that in March, 1853, the ship Forest Queen was wrecked on Scituate beach, with a foreign cargo, composed, among other articles, of rags in bales. The rags were strewn along the beach for miles, and being mixed with wool, and rock-weed, and other substances, and saturated with linseed oil, were of no value in that state. Many tons were picked up by various persons of Scituate, and being separated, with much labor, from foreign substances, and dried in the fields, were put up into bundles, for sale. Messrs. R. & R. Cook, two of the defendants, purchased large quantities of these rags from many persons, it being understood from Mr. W. P. Allen, the then deputy-collector at Scituate, that no duties were to be demanded for them. Shortly after this, Allen was removed from office, and Edwin Young was appointed in his place, who demanded duties on a parcel of rags belonging to the defendants, and on others stored in their loft. This demand was refused, and the rags, shortly afterwards, and in the daytime, were put on

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

board the schooner Taglioni, a packet plying between Scituate and Boston. There they were seen by Young; and Hall testified that Young seized them, but told nobody of the seizure. The rags were afterwards, and in the absence of Hall and Young, taken from the packet; to this, on their return, they made no objection, and in their presence, the rags were put into wagons, and carried away by the defendants. The two deputy-collectors told nobody that the rags were seized, and Young made no objection to their being carried away. Hall testified, that he forbade their putting the rags into the wagons, but his evidence was not supported.

B. F. Hallett, Dist. Atty.

C. G. Davis and Seth Webb, Jr., for defendants.

SPRAGUE, District Judge, in the course of his charge, laid down the law substantially as follows:

To charge the defendants, the government must make out: 1st. That the officers were obstructed in the lawful discharge of their duty. 2d. That this was done by the defendants, forcibly. 3d. That the acts of force were done knowingly and intentionally. In order to justify the United States officers in seizing goods, probable cause must be shown for seizure. They must have reasonable cause to believe that some violation of the revenue acts has taken place. Salvage goods are liable to duty, if of any value. The rags in question were liable to duty, on the beach, if of value, but otherwise, if worthless. The duties, in such case, are to be assessed upon their value as they lay on the beach, and not on the enhanced value, given by subsequent labor. If these rags were worthless on the beach, and Young knew it, and knew that they were not liable to duty, then there was no probable cause of seizure. And further, in order to maintain this indictment, the government must prove an actual seizure of the rags by Young or Hall, and that the defendants knew of this seizure. They must also prove that the officer took the goods into his custody, and continued to hold them, until forcibly ousted by the defendants. If the seizure was abandoned by the officer, the Messrs. Cook had a right to take the rags. Or if the acts of the officer were such as to induce the defendants to believe, either that no seizure had been made, or, if made, that it had been abandoned; and if the defendants did really so believe, and acted in good faith, in removing the goods, then they were not guilty of the offence charged in this indictment. But, on the other hand, if the goods had been rightfully seized, and were in the custody of the officer, and the defendant, knowing these facts, forcibly and wilfully deprived him of the possession, and carried the goods away, then the indictment is maintained.

The jury returned a verdict of not guilty, as to each of the three defendants.